UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Billy Wayne Perkins,

    Petitioner

v.

Robert Legrand, et al.,

    Respondents

2:14-cv-00434-JAD-PAL

**Order Denying Motion to Dismiss without Prejudice, Denying Motion for Leave to File Surreply as Moot, and Staying Case**

[ECF Nos. 22, 26]

    Billy Wayne Perkins, who is now represented by the Federal Public Defender's Office, brings this amended § 2254 petition asserting two grounds for relief: ineffective assistance of counsel and violation of his due-process rights. Respondents move to dismiss Perkins's due-process claim,[1] which Perkins admits is not yet exhausted.[2]

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.[3] To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.[4]

    While his initial § 2254 petition in this case was pending, Perkins filed a second petition for a writ of habeas corpus in state court in which he raised his due-process claim.[5] The state district court

---

[1] ECF No. 22.

[2] ECF No. 14 at 12.

[3] 28 U.S.C. § 2254(b).

[4] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[5] ECF No. 25-1.

denied that petition as both time-barred[6] and barred as a second or successive petition,[7] concluding that Perkins had not shown good cause to excuse these procedural bars.[8]  Perkins has appealed that decision; his appeal is currently pending before the Nevada Court of Appeals.[9]

     I decline to decide if Perkins's due-process claim is procedurally defaulted at this time. Perkins's appeal in state court is fully briefed and ready for decision and will affect my determination of whether his claim is procedurally defaulted.  I therefore deny respondents' motion to dismiss claim two, stay this action pending the resolution of Perkins's appeal in state court, and deny Perkins's motion for leave to file surreply as moot.

## Conclusion

     Accordingly, IT IS HEREBY ORDERED that **respondents' motion to dismiss [ECF No. 22] is DENIED without prejudice, and Perkins's motion for leave to file surreply [ECF No. 26] is DENIED as moot.**

     IT IS FURTHER ORDERED that this action is STAYED pending exhaustion of claim two in state court.  Perkins must file a motion to reopen this case within 45 days of remittur by the Nevada Supreme Court at the conclusion of his state-court proceedings.  The Clerk of Court is instructed to administratively close this action.

     Dated this 8th day of August, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[6] Under NEV. REV. STAT. § 34.725(1).

[7] Under NEV. REV. STAT. § 34.810.

[8] ECF No. 25-3.

[9] I take judicial notice of the Nevada Supreme Court's online docket in *Perkins v. State*, No. 69257. http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37468 (report generated August 5, 2016).