|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| Billy Wayne Perkins, | 2:14-cv-00434-JAD-PAL |
| Petitioner | **Order Granting Motion to Dismiss Ground Two of First Amended Petition** |
| v. | [ECF No. 33] |
| Robert LeGrand, et al., | |
| Respondents. | |

Respondents Robert LeGrand and the Attorney General of the State of Nevada move to dismiss ground two of petitioner Billy Wayne Perkins's first amended petition for writ of habeas corpus,[1] arguing that it is procedurally defaulted.[2] The motion is fully briefed.[3] I find that ground two is procedurally defaulted, so I grant the motion to dismiss.

## Background

After a jury trial in state district court, Perkins was convicted of three counts of sexual assault with a minor under 14 years of age and four counts of lewdness with a child under the age of 14.[4] Perkins appealed, and the Nevada Supreme Court affirmed.[5] Perkins then filed his first post-conviction habeas corpus petition in the state district court.[6] The state district court denied the proper-person petition.[7] The Nevada Supreme Court reversed and remanded for appointment

---

[1] ECF No. 14.

[2] ECF No. 33.

[3] ECF Nos. 36 (response), 39 (reply).

[4] ECF No. 18-2 (Ex. 17).

[5] ECF No. 18-7 (Ex. 22).

[6] ECF No. 18-11 (Ex. 26).

[7] ECF No. 18-21 (Ex. 36).

of counsel to develop Perkins's claims.[8] Counsel filed a supplement.[9] The state district court denied the petition after a hearing.[10] The Nevada Supreme Court affirmed the denial.[11]

Perkins commenced this action. The court appointed counsel, who filed the first amended petition. Perkins acknowledged that he had not exhausted his state-court remedies for ground two.[12] Before respondents answered the first amended petition in this court, Perkins filed in state district court his second post-conviction habeas corpus petition, raising the same claim as ground two of the first amended petition.[13] Respondents filed their first motion to dismiss,[14] arguing that ground two was either procedurally defaulted or unexhausted. The court denied the motion without prejudice and stayed the action because the parallel proceedings in the state courts were close to a conclusion.[15] The state district court denied the petition, and the Nevada Supreme Court affirmed because it was untimely, successive, and abusive of the writ.[16]

The court then reopened this action, and respondents' second motion to dismiss followed.[17] Respondents argue that ground two is procedurally defaulted.[18] Perkins claims in

---

[8] ECF No. 18-23 (Ex. 38).

[9] ECF No. 19-1 (Ex. 42).

[10] ECF No. 19-10 (Ex. 51).

[11] ECF No. 20-4 (Ex. 62).

[12] ECF No. 14 at 12.

[13] ECF No. 30-1 (Ex. 64).

[14] ECF No. 22.

[15] ECF No. 28.

[16] ECF No. 30-13 (Ex. 76) (citing Nev. Rev. Stat. §§ 34.726(1); 34.810(1)(b)(2); 34.810(2)).

[17] ECF No. 33.

[18] Ground one, which is the only other ground in the first amended petition, is a claim that Perkins received ineffective assistance of counsel because counsel labored under a conflict of interest. Respondents do not argue for the dismissal of ground one.

ground two that the trial court erred when it denied his request to substitute counsel due to a conflict of interest.

### Discussion

Ground two's procedural history is unusual. Perkins raised the same claim in ground two of his first state post-conviction habeas corpus petition.[19] In the initial denial of the petition, the state district court held that counsel was not operating under a conflict of interest.[20] When denying that petition after remand from the Nevada Supreme Court, the state district court held: "Inasmuch as Defendant argued that the district court abused its discretion in denying Defendant's Motion to Dismiss and Appoint New Counsel, this claim has been waived since it was not raised on direct appeal."[21] The state district court later cited *Franklin v. State*[22] and NRS 34.810(1)(b)(2) in support of that holding.[23] The state district court also held that, for any issues in the original, proper-person post-conviction petition that were not re-addressed in the supplemental petition or argued in the hearing, the initial denials of those issues still stand.[24]

On appeal from the denial of the state petition, Perkins argued that the district court erred in finding that trial counsel had no conflict of interest.[25] This argument refers to the ruling in the initial denial of the state post-conviction habeas corpus petition that counsel was not operating under a conflict of interest.[26] Perkins did not argue on appeal from denial of the state

---

[19] ECF No. 18-11 at 14–17 (Ex. 26).

[20] ECF No. 18-21 at 5 (Ex. 36).

[21] ECF No. 19-10 at 5 (Ex. 51).

[22] *Franklin v. State*, 877 P.2d 1058, 1059 (Nev. 1994), *disapproved on other grounds by Thomas v. State*, 979 P.2d 222 (Nev. 1999).

[23] ECF No. 19-10 at 10 (Ex. 51).

[24] *Id.* at 6 (Ex. 51).

[25] ECF No. 20-1 at 4–5 (Ex. 59).

[26] *See* ECF No. 18-21 at 5 (Ex. 36).

post-conviction habeas corpus petition that the **trial court** erred in denying the motion to substitute counsel. The Nevada Supreme Court treated the issue solely as a claim of ineffective assistance of counsel because of a conflict of interest, and the Nevada Supreme Court affirmed the denial of that claim on its merits.[27]

To summarize, in the first state post-conviction habeas corpus proceedings, the state district court ruled that the issue now in ground two was procedurally barred because Perkins could have raised that issue on direct appeal. Perkins did not appeal that ruling of the state district court. Consequently, the first-state post-conviction habeas corpus proceedings did not exhaust the issue in ground two. In the second state post-conviction habeas corpus petition, Perkins raised as his only ground for relief the issue of ground two: that the trial court erred in denying his motion to substitute counsel.[28] The state district court ruled that the petition was time-barred under NRS 34.726(1), and that the petition was barred as successive under NRS 34.810(2).[29] The Nevada Court of Appeals affirmed for those reasons and also because the issue could have been raised on direct appeal.[30]

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.[31] When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate[:]" (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to

---

[27] ECF No. 20-4 at 4 (Ex. 62).

[28] ECF No. 30-1 (Ex. 64).

[29] ECF No. 30-6 (Ex. 69).

[30] ECF No. 30-13 at 2–3 (Ex. 76) (citing Nev. Rev. Stat. §§ 34.726(1); 34.810(1)(b)(2); 34.810(2)).

[31] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

consider the claims will result in a fundamental miscarriage of justice."[32] The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules.[33]

Perkins's argument for cause and prejudice is not relevant to the claim that he presents in ground two. He relies on *Martinez v. Ryan*, in which the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).[34]

The Ninth Circuit extended *Martinez* to procedurally defaulted claims of ineffective assistance of counsel on direct appeal in *Ha Van Nguyen v. Curry*.[35] But the Supreme Court has since held that *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of counsel on direct appeal, thus abrogating that part of *Ha Van Nguyen*.[36]

*Martinez* does not apply to the procedural default of ground two for multiple reasons. First, ground two is not a claim of ineffective assistance of trial counsel. It is a claim of an error by the trial court. *Martinez* does not extend past procedurally defaulted claims of ineffective

---

[32] *Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[33] *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (same).

[34] *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

[35] *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293–96 (9th Cir. 2013).

[36] *Davila v. Davis*, 137 S. Ct. 2058 (2017).

assistance of trial counsel.[37]  Second, even if the extension of *Martinez* in *Ha Van Nguyen* was still good law, it would be inapplicable here.  Perkins is confused as to what *Ha Van Nguyen* held.  He writes:

> For example, **appellate counsel** raised the issue that "[t]he District Court [e]rred in [f]inding that [t]rial [c]ounsel had [n]o [c]onflict of [i]nterest[.]"  Ex. 59, at 21-22.  In other words, while **appellate counsel** recognized and believed an actual conflict existed, he simply could not reasonably believe that what amounts to approximately two (2) transcript pages of Perkins's recitation of the problems he was having with Attorney Roundtree, and what amounts to approximately two (2) transcript page of Attorney Roundtree's response, without any inquiry or questioning from the trial court was enough.[38]

In this passage, "appellate counsel" was counsel on appeal from the denial of the post-conviction habeas corpus petition; "appellate counsel" was not counsel on direct appeal.  Perkins's argument based on *Ha Van Nguyen* seems to be that ineffective assistance of post-conviction appellate counsel can excuse the procedural default of a claim of trial-court error.  But *Ha Van Nguyen* was not that expansive.  In it, the Ninth Circuit held that a procedurally defaulted claim of ineffective assistance of direct-appeal counsel may be excused if counsel in the initial post-conviction proceedings was ineffective in failing to raise the claim.  Again, ground two is not a claim of ineffective assistance of counsel; it is a claim of trial-court error.  *Ha Van Nguyen* would thus provide Perkins no relief.  But now the matter is moot because that part of *Ha Van Nguyen* has been abrogated.

Third, even if the claim of trial-court error in ground two could have fallen within the rule of *Martinez*, the procedural default based upon the time bar and the successive-petition bar occurred when post-conviction appellate counsel did not appeal from the state district court's ruling on that issue when it denied the first post-conviction habeas corpus petition.  *Martinez*

---

[37] *Pizzuto v. Ramirez*, 783 F.3d 1171, 1177 (9th Cir. 2015); *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013).

[38] ECF No. 36 at 10 (emphasis added).

does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ."[39]

Finally, the Nevada Court of Appeals also held that the claim in ground two was procedurally barred because Perkins could have raised that claim on direct appeal.[40] This procedural default occurred before Perkins filed his first state post-conviction habeas corpus petition. The failure to raise ground two on direct appeal had nothing to do with post-conviction counsel. *Martinez* does not apply to situations like this.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 33] is GRANTED: ground two of the first amended petition [ECF No. 14] is DISMISSED** as procedurally defaulted.

IT IS FURTHER ORDERED that respondents have 45 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Perkins will have 45 days from the date on which the answer is served to file a reply.

DATED: September 28, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[39] *Martinez*, 566 U.S. at 16.

[40] ECF No. 30-13 at 2–3 (Ex. 76).