# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Billy Wayne Perkins,

        Petitioner

v.

Robert LeGrand, et al.,

        Respondents

Case No. 2:14-cv-00434-JAD-VCF

**Order Denying Amended Petition and Closing Case**

ECF No. 14

Counseled petitioner Billy Wayne Perkins seeks relief from his state-court convictions for sexual assault and attempted lewdness with a minor under the age of 14.[1] Having reviewed the Amended Petition, answer, and reply, I find that Perkins is not entitled to relief on his sole remaining claim, so I deny the amended petition for writ of habeas corpus and close this case.

**I.    Procedural history**

A state-court jury convicted Perkins of three counts of sexual assault and four counts of lewdness with a child under the age of fourteen,[2] acquitting Perkins on thirteen other counts.[3] Perkins appealed, and the Nevada Supreme Court affirmed.[4]

Perkins then filed a pro se habeas petition in the state district court,[5] which the district court denied.[6] The Nevada Supreme Court reversed and remanded for appointment of counsel to

---

[1] ECF No. 14.
[2] ECF No. 18-2.
[3] ECF No. 18.
[4] ECF No. 18-7.
[5] ECF No. 18-11.
[6] ECF No. 18-20.

develop Perkins's claims,[7] and appointed counsel filed a supplement.[8] The state district court denied the supplemented petition after a hearing;[9] the Nevada Supreme Court affirmed.[10]

Perkins then commenced this action by filing an uncounseled petition. I appointed counsel, who filed the amended petition in which Perkins acknowledged that he had not exhausted his state-court remedies for ground 2.[11] Before respondents answered the federal petition, Perkins filed a new state-court petition, in which he raised unexhausted ground 2.[12] Respondents filed their first motion to dismiss, arguing that ground 2 was either procedurally defaulted or unexhausted.[13] I denied the dismissal motion without prejudice and stayed this action because the parallel state-court proceedings were close to a conclusion.[14] The state district court denied the petition as untimely, successive, and abusive, and the Nevada Supreme Court affirmed.[15] I then reopened this action[16] and dismissed ground 2 based on procedural default,[17] leaving a single theory of relief: ineffective assistance of counsel.

---

[7] ECF No. 18-23.
[8] ECF No. 19-1.
[9] ECF No. 19-10.
[10] ECF No. 20-4.
[11] ECF No. 14, at 12.
[12] ECF No. 30-1.
[13] ECF No. 22.
[14] ECF No. 28.
[15] ECF No. 30-13) (citing Nev. Rev. Stat. §§ 34.726(1), 34.810(1)(b)(2); 34.810(2)).
[16] ECF No. 32.
[17] ECF No. 40.

## II. Standard of review

### *1. Antiterrorism and Effective Death Penalty Act (AEDPA)*

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[18] A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[19] And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[20] Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[21] The "objectively unreasonable" standard is difficult to satisfy;[22] "even 'clear error' will not suffice."[23]

---

[18] 28 U.S.C. § 2254(d).

[19] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[20] *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014).

[21] *White*, 134 S. Ct. 1705–06.

[22] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[23] *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

3

Habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[24] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[25] "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[26] AEDPA "thus imposes a 'highly deferential standard for evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[27]

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim de novo.[28] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[29] but state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[30]

---

[24] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[25] *Id.* at 103.

[26] *Id.* at 101.

[27] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

[28] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[29] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[30] 28 U.S.C. § 2254(e)(1).

### 2. *Ineffective Assistance of Counsel*

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[31] Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[32] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[33] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[34]

A reasonable probability is "probability sufficient to undermine confidence in the outcome."[35] Any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct so as to avoid the distorting effects of hindsight.[36] "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practice or most common custom."[37] The burden is on the petitioner to overcome the presumption that counsel made sound trial-strategy decisions.[38]

---

[31] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[32] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[33] *Strickland*, 466 U.S. at 690.

[34] *Id.* at 694.

[35] *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000)

[36] *Strickland*, 466 U.S. at 689.

[37] *Harrington*, 562 U.S. at 104.

[38] *Id.*

5

The *Strickland* standard also applies to appellate counsel.[39] Appellate counsel does not have a constitutional obligation to raise every nonfrivolous issue requested by the appellee.[40] "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."[41] Hammons must show that counsel unreasonably failed to discover and argue nonfrivolous issues.[42] It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did.[43] Hammons must prove that, but for counsel's errors, he would have prevailed on appeal.[44]

The United States Supreme Court has described federal review of a state supreme court's decision on an ineffective-assistance claim as "doubly deferential."[45] So, I "take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'"[46] And I consider only the record that was before the state court that adjudicated the claim on its merits.[47]

**III.   Ground 1 lacks merit**

The sole remaining ground in the amended petition is a claim of ineffective assistance of counsel. Perkins argues that trial counsel Stacey Roundtree was ineffective because she was

---

[39] *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citation omitted) (citing *Strickland*, 466 U.S. at 687).

[40] *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

[41] *Id.* at 751–52.

[42] *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000) (citation omitted).

[43] *Williams v. Woodford*, 384 F.3d 567, 616 (9th Cir. 2004) (citation omitted).

[44] *Smith*, 528 U.S. at 285 (citation omitted).

[45] *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

[46] *Id.*

[47] *Id.* at 181–84.

operating under a conflict of interest. At calendar call, Perkins moved to dismiss Roundtree and appoint new counsel,[48] alleging that:

1. Roundtree constantly pressured Perkins to accept a guilty plea agreement, even after Perkins told her that he would not accept the agreement;
2. Roundtree did not provide the resume of the nurse who examined the victims, and she would not file a motion for defense psychological interviews of the victims;
3. Roundtree provided a copy of the cases discovery to Perkins's family, which alienated them, and they were his primary witnesses;
4. Roundtree would not retain a forensic statement expert to analyze inconsistencies in the victims statements;
5. Roundtree would not discuss the case in detail; and
6. Roundtree would not retain an investigator.[49]

At the hearing, Roundtree responded that:

1. She advised Perkins, who had made incriminating statements to the police, that it was in his best interest to accept the guilty plea agreement, but she did not pressure him to plead guilty;
2. She would provide a copy of the nurse's resume;
3. She did not want to give the discovery to Perkins's family, but Perkins had insisted, the details of which she could not go into;

---

[48] ECF No. 15-10.

[49] *Id.* at 1–3.

4. She did not recall being asked about a forensic statement expert, nor did she know what that was, but she would be prepared to cross-examine the victims about inconsistent statements;
5. She very much wanted to discuss the case with Perkins; and
6. Perkins told her not to bring the investigator to the jail because Perkins felt that the investigator would pressure him into pleading guilty, but Roundtree did have an investigator on his case.[50]

The state-court denied Perkins's request to dismiss Roundtree.[51]

In the current petition, Perkins adds a seventh problem that he had with Roundtree: she breached her duty of loyalty to him because she told the court that Perkins had directed her to give the discovery to Perkins's family.[52]

In the appeal from the denial of the state post-conviction habeas corpus petition, the Nevada Supreme Court found that Perkins's allegations did "not indicate any divided loyalties such that an actual conflict of interest adversely affected his lawyer's performance."[53] The court therefore concluded that the district court did not err in denying Perkins's IAC claim without an evidentiary hearing.[54]

The Nevada Supreme Court identified the correct governing rule in *Cuyler v. Sullivan*. Even now, Perkins has not alleged any facts that indicate divided loyalties, such as two or more clients with opposing interests or some other active interest that was adverse to Perkins. The one

---

[50] ECF No. 15-11, at 4–5.
[51] *Id.* at 5.
[52] ECF No. 14, at 12.
[53] *Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992).
[54] ECF No. 20-4, at 4.

8

possible issue was the disclosure of discovery to Perkins's family. Roundtree stated that she did not want to give the discovery to Perkins's family and that she gave the discovery only on Perkins's explicit instructions. She would not explain further, likely because that would be a breach of confidential communications. Perkins then argues that Roundtree's explanation itself was a conflict of interest because she contradicted his argument. However, what Perkins has described is not divided loyalties, but an interpersonal conflict with Roundtree.[55] The Nevada Supreme Court reasonably concluded that Perkins had not demonstrated any divided loyalties that led to an actual conflict of interest. Ground 1 lacks merit, so I deny the petition and direct the Clerk of Court to close this case.

## IV. Denial of a certificate of appeal

To appeal the denial of a petition for a writ of habeas corpus, Perkins must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.[56]

I cannot find that reasonable jurists would find this ruling to be debatable or wrong. Because Perkins has not identified any clients or other interests that Roundtree

---

[55] Habeas corpus petitioners proceeding pro se often incorrectly use the phrase "conflict of interest" to describe interpersonal conflicts between themselves and their attorneys. Those actually are claims that the interpersonal conflicts prevented effective assistance of counsel. *See Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (*en banc*) (citing *Morris v. Slappy*, 461 U.S. 1, 13–14 (1983)). In this case, petitioner has filed a counseled amended petition, so the rules of liberal construction of a proper-person petition do not apply, and the assumption is that petitioner meant what he wrote when he claimed that counsel was operating under a conflict of interest.

[56] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

represented that were adverse to his own interests, he has failed to demonstrate a conflict of interest. I thus decline to issue a certificate of appealability.

**V.     Conclusion**

IT THEREFORE IS ORDERED that the first amended petition for writ of habeas corpus **[ECF No. 14] is DENIED**. The Clerk of the Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

Dated: November 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey